Anneliese GROSS, Appellant,

v.

OMAHA TRIBE OF NEBRASKA d/b/a
Casino Omaha, Appellee.

No. 98–70.

Supreme Court of Iowa.

Oct. 13, 1999.

Joseph J. Hrvol, P.C., Council Bluffs, for appellant.

Maurice B. Nieland and Matthew T.E. Early of Rawlings, Nieland, Probasco, Illinger, Ellwanger, Jacobs & Mohrhauser, Sioux City, for appellee.

Considered by CARTER, P.J., and LAVORATO, SNELL, CADY, and SCHULTZ,* JJ.

CARTER, Justice.

Plaintiff, Anneliese Gross, who suffered a personal injury at a casino located on the lands of the Omaha Tribe of Nebraska (Omaha Tribe), appeals from an adverse summary judgment that upheld the tribe's sovereign immunity. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

Plaintiff commenced this action against the Omaha Tribe, alleging that she had been injured while a patron of its gambling casino. She alleged that she had suffered severe and permanent personal injuries, including a broken hip, when knocked down by another patron.

The Omaha Tribe operates its casino under an agreement between itself and the State of Iowa, known as the "Compact Between the Sovereign Indian Nation of the Omaha Tribe of Nebraska and the Sovereign State of Iowa to Govern Class III Gaming on Indian Lands of the Omaha Tribe of Nebraska in Iowa." Class III gaming activities are defined in 25 U.S.C. § 2703(8) as all gaming activities other than traditional tribal games, bingo, and certain designated card games. The plaintiff relies upon this compact and a federal

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

statute, codified as 25 U.S.C. § 1322, to negate any defense of sovereign immunity or lack of subject matter jurisdiction.

Although the plaintiff strongly urges a construction of 25 U.S.C. § 1322 and the Class III Gaming Compact contrary to that of the district court, we find no merit in her arguments.

The applicable portion of 25 U.S.C. § 1322(a) provides:

The consent of the United States is hereby given to any State not having jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country situated within such State to assume, with the consent of the tribe occupying the particular Indian country or part thereof which would be affected by such assumption, such measure of jurisdiction over any or all such civil causes of action arising within such Indian country or any part thereof as may be determined by such State to the same extent that such State has jurisdiction over other civil causes of action. . . .

We considered and applied this statute in *State ex rel. Department of Human Services v. Whitebreast*, 409 N.W.2d 460, 461–62 (Iowa 1987). The applicable provision of the Class III Gaming Compact reads as follows:

Except for the criminal prosecution of Tribal Citizens, the State shall exercise complete civil and criminal jurisdiction over all players of authorized gaming, all licensees and all other persons or entities whose acts or omissions relate to any authorized or unauthorized Class III Gaming activities on Indian Lands, and all property which is related to any authorized or unauthorized Class III Gaming activities on Indian Lands, for the purposes of administering, monitoring, auditing, investigating, enforcing and prosecuting violations of this Compact, the Regulations, the Gaming Ordinance and other laws applicable to Class III Gaming activities.

In ruling on the effect of the compact with respect to the jurisdictional grant contained in 25 U.S.C. § 1322, the district court determined that the State had not properly assumed jurisdiction. It also concluded that the tribe, in any event, possessed sovereign immunity. Because we believe that the statute and compact relied on by plaintiff, even if applicable, do not abrogate the tribe's sovereign immunity, we need not determine whether the State of Iowa has properly assumed that jurisdiction which is tendered under 25 U.S.C. § 1322 or the Class III Gaming Compact. The sovereign-immunity question is separate and distinct from any civil-action jurisdiction, which 25 U.S.C. § 1322 and the gaming compact confer and is in no way affected thereby. Indian tribes possess sovereign immunity from suit that existed at common law or under state statutes. *Puyallup Tribe, Inc. v. Department of Game*, 433 U.S. 165, 172, 97 S.Ct. 2616, 2621, 53 L.Ed.2d 667, 673–74 (1977); *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir.1995). Waiver of such immunity by the tribe may not be implied, but must be unequivocally expressed either by the tribe or by act of Congress. *Rupp*, 45 F.3d at 1244.

The subject matter of 25 U.S.C. § 1322 and the gaming compact involves a method of rendering the laws of the State of Iowa applicable to activities taking place on Indian lands and to confer subject matter jurisdiction with respect to the execution of such laws on the courts of this state. *See Whitebreast*, 409 N.W.2d at 461–62. Neither the statute nor the treaty attempt to abrogate the tribe's sovereign immunity. We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**